# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| James Goodwin,<br>  Petitioner,<br><br>v.<br><br>Eric Wilson, et al.,<br>  Respondents. | )<br>)<br>)<br>)     1:17cv269 (AJT/JFA)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

James Goodwin, a federal inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP's") definition of a "crime of violence" as defined in 28 C.F.R. § 550.55 and Program Statement 5162.05. On May 18, 2017, respondent filed a Motion to Dismiss for Lack of Jurisdiction, along with a supporting memorandum with exhibits. Dkt. Nos. 4-5. Petitioner was given the Notice required by Local Rule 7(K) and the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), however, he has filed no reply. This matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted.

## I. Background

For purposes of the Motion to Dismiss, the record establishes the following as true. The BOP's Residential Drug Treatment Program ("RDAP") was established after the passage of 18 U.S.C. § 3621(b) which states that the BOP "shall make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." In order to incentivize participation in RDAP, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the

prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Because the term "nonviolent offense" was not defined, BOP promulgated regulations defining the term and, among other things, categorically excluding from eligibility for early release "[i]nmates who have a current felony conviction for ... [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives ..." or "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another ...." 28 C.F.R. §§ 550.55(b)(5)(ii), (iii).[1] BOP also issued program statements, including Program Statement 5162.05, which preludes inmates convicted pursuant to 18 U.S.C. § 922(g) from "receiving certain [BOP] program benefits," including early release.

On August 26, 2011, petitioner was sentenced pursuant to a conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), in the United States District Court of the District of Maryland. United States v. Goodwin, 1:11cr338. While incarcerated, petitioner was determined to be eligible to participate in RDAP. Accordingly, he was evaluated, first on October 27, 2015 and again on June 22, 2016, to determine if he was eligible for early release pursuant to 18 U.S.C. § 3621(e).[2] John-Baptiste Aff. at ¶¶ 10-12. Both times, petitioner was deemed ineligible for early release based on the fact that he was incarcerated for violating 18

---

[1] In the petition, petitioner cites to 28 C.F.R. § 550.58 (1995) and BOP Program Statement 5162.05 (July 24, 1995). Section 550.58 of Title 28 of the Code of Federal Regulations was recodified at § 550.55 in 2009, and updated in 2016, although the language of subsections (b)(5)(ii) and (iii) did not change. In addition, Program Statement 5162.05 was last updated on March 16, 2009. To the extent petitioner is challenging § 550.58 and the 1995 version of Program Statement 5162.05, those challenges are moot because he was convicted in 2011, and therefore, was not evaluated for early release under the 1995 versions of the code and program statements. Construing the petition liberally, it will be taken as challenging the 2009 and 2016 versions of § 550.55 and the 2009 version of Program Statement 5162.05.

[2] The 2009 version of BOP Program Statement 5331.02 was updated May 26, 2016, however, the changes did not alter petitioner's eligibility due to his current offense.

U.S.C. § 922(g), a crime which involves the "carrying, possession, or use of a firearm," and preludes inmates from "receiving certain [BOP] program benefits," including early release. Id.

Petitioner now argues that he should be eligible for early release because (1) BOP's definition of a nonviolent offense exceeds the original scope of 18 U.S.C. § 3621 and (2) the decision to categorically exclude inmates "who have a current felony conviction for ... [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" from early release is arbitrary and capricious. Dkt. No. 1. Petitioner also argues, in passing, that his right to "Due Process and Equal Protection of Law" was violated because another inmate who was incarcerated for violating 18 U.S.C. § 922(j) was determined to be eligible for early release pursuant to 18 U.S.C. § 3621. Id.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." A court may dismiss claims based upon dispositive issues of law. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a

3

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 55.

On the other hand, where, as here, a complaint is filed by a prisoner acting pro se, it must be construed liberally no matter how unskillfully it is pleaded. Haines v. Kerner, 404 U.S. 519 (1972). A pro se litigant thus is not held to the strict pleading requirements demanded of attorneys. Estelle v. Gamble, 429 U.S. 97, 106–07 (1976); Figgins v. Hudspeth, 584 F.2d 1345 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). For these reasons, a court's "power summarily to dismiss a prisoner's pro se complaint is limited." Figgins, 584 F.2d at 1347.

### III. Analysis

#### A. Challenges to 28 C.F.R. § 550.55 and Program Statement 5162.05

Petitioner's arguments that (1) 28 C.F.R. § 550.55 and Program Statement 5162.05 are contrary to the language and intent of 18 U.S.C. § 3621(e), and (2) there is no rational basis for the categorical exclusion of inmates "who have a current felony conviction for ... [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" from early release are meritless, as several courts have recognized. See Lopez v. Davis, 531 U.S. 230 (2001); Whitaker v. Stansberry, No. 3:03cv662, 2009 WL 3762320, at *5 (E.D. Va. Nov. 9, 2009); Savage v. Wilson, No. 3:13cv578, 2014 WL 1902709, at *1 (E.D. Va. May 8, 2014). In Savage, the court determined that "[§ 550.55] and its explanatory statement clearly satisfied the BOP's obligation to provide a 'rational connection between the facts found and the choice made.' See Lopez, 531 U.S. at 240." There can be no doubt there is a link between the potential for violent conduct by persons convicted of possession of a firearm by a felon and the risk to public safety. There is, therefore, a clear rational connection between an inmate's ineligibility for discretionary early release and an inmate's record of the commission of a violent

4

offense. Thus, as the court in Savage noted, "promulgation of the rule ... [does not] violate the APA." Savage, 2014 WL 1902709, at *5 (citing Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983)). Put simply, there is a thoroughly rational connection between the commission of a violent offense and ineligibility for discretionary early release. It follows that the BOP acted well within its regulatory authority in promulgating § 550.55 and Program Statement 5162.05.

**B. Due Process Claim**

To the extent petitioner raises a due process claim, his argument fares no better. To establish a violation of the Due Process Clause, a petitioner for habeas relief must first identify a liberty or property interest protected by the Fifth Amendment. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999). It is well established that a convicted prisoner has no constitutionally-protected liberty interest in early discretionary release. Sandin v. Conner, 515 U.S. 472, 484 (1995); Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Thus, if a statute permitting early release places no "substantive limitations on official discretion" in granting such release, it implicates no liberty interest. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Here, the BOP is vested with virtually unfettered discretion to reduce the sentence of a prisoner "convicted of a nonviolent offense" by § 3621(e). Thus, regardless of whether petitioner had a conviction of a violent offense or not, his access to the sentence reduction under RDAP still would be left to the BOP's sole and unreviewable discretion. Accordingly, as several courts have held, denial of access to the RDAP program and its sentence reduction opportunity is insufficient to trigger a liberty interest subject to due process protection. Savage, 2014 WL 1902709, at *5; see also, Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997). Accordingly, because the BOP

5

acted within its statutory authority in denying petitioner early release, he suffered no violation of his right to due process when he was denied eligibility for the discretionary sentence reduction.

### C. Equal Protection Claim

Finally, to the extent petitioner raises a claim under the Equal Protection Clause, this claim also fails. The Equal Protection Clause of the Fourteenth Amendment protects against arbitrary classifications by state actors and ensures that all similarly situated individuals will be treated in the same way. U.S. Const. amend. XIV. To succeed on an equal protection claim, a plaintiff must show that (1) he was treated differently from others, (2) who were similarly situated, and (3) that this unequal treatment was the result of intentional or purposeful discrimination. See Plyer v. Doe, 457 U.S. 202 (1982); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Petitioner's claim fails because he asserts that he was treated differently than an inmate convicted for violating 18 U.S.C. § 922(j). Accordingly, this inmate was not "similarly situated" and petitioner's claim fails. Accordingly respondent's Motion to Dismiss is GRANTED, it is hereby

ORDERED that the petition be and is DISMISSED.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge.

See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). This Court expressly declines to issue such a certificate for the reasons stated in this Order.

The Clerk is directed to enter final judgment in favor of respondents Eric Wilson and Unknown BOP Officials, pursuant to Fed. R. Civ. P. 58, to send a copy of this Memorandum Opinion and Order to petitioner and counsel of record for respondents, and to close this civil action.

Entered this 30th day of June 2017.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge